UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HERNANDEZ, an individual, RICK TORRES HERNANDEZ, an individual,<br><br>                                   Plaintiffs,<br><br>v.<br><br>FCA US LLC, a limited liability company; STERICYCLE INC., a corporation; and DOES 1 through 75, inclusive,<br><br>                                   Defendants. | Case No.:  3:19-cv-1872-L-RBB<br><br>**ORDER (1) DENYING IN PART AND GRANTING IN PART DEFENDANT FCA US LLC'S MOTION TO DISMISS; AND (2) DENYING DEFENDANT STERICYCLE INC.'S MOTION TO DISMISS** |

Pending before the Court are Defendants' respective motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs opposed the motions, and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1 (d)(1). For the reasons stated below, Defendant FCA US LLC's motion to dismiss (doc. no. 5) is granted in part and denied in part; motion to dismiss filed by Defendant Stericycle Inc. (doc. no. 6) is denied.

### I.   BACKGROUND

Kathryn Hernandez and Rick Torres Hernandez ("Plaintiffs") are residents of Chula Vista, California. (Compl. (doc. no. 1-3) ¶ 1). At the relevant time, Defendant FCA US

LLC ("FCA") was the manufacturer of the vehicle at issue in this litigation. It conducts business through Mossy Alfa Romeo and Fiat in National City, California ("Mossy"). (Compl. ¶ 2). Defendant Stericycle Inc. ("Stericycle") is FCA's agent. (Compl. ¶ 3). It has the ability to repurchase vehicles and review repair orders and warranty histories on FCA's behalf. (Compl. ¶ 28).

On September 26, 2017, Plaintiffs purchased a new 2017 Alfa Romeo Giulia ("Subject Vehicle" or "Vehicle") from FCA through Mossy. (Compl. ¶¶ 2, 6). In addition to an implied warranty of merchantability, FCA provided two express warranties for this Vehicle: (1) an express basic warranty of 3 years/36,000 miles; and (2) an express powertrain warranty of 5 years/100,000 miles. (Compl. ¶ 7). The warranties require FCA to preserve or maintain the utility or performance of the Vehicle or provide compensation if there is a failure to conform to the warranty. (Compl. ¶ 8). Plaintiffs allege the respective express warranties contained representations that any breach of warranty would include remedies compliant with California law.[1] (Compl. ¶¶ 22, 39).

Plaintiffs allege the Subject Vehicle was delivered with serious defects and nonconformities to warranty and developed additional nonconformities. (Compl. ¶ 10). On October 2, 2017 at 433 miles, Plaintiffs presented the Vehicle to FCA at Mossy because the engine shut off while in use and the default warning light was illuminated. (Compl. ¶ 12). Mossy performed four (4) repair procedures pursuant to a Rapid Response Transmittal. (*Id.*). Rapid Response Transmittals mandate dealerships, including Mossy, to perform repairs prior to retail sale to cure existing defects. (Compl. ¶ 13). FCA did not repair the defects prior to purchase. (Compl. ¶¶ 15-16). On October 17, 2017 at 1,605 miles, Plaintiffs had issues with the cruise control, hard shifting, and an illuminated auto-start light. (Compl. ¶ 17). On May 22, 2018 at 16,072 miles, Plaintiffs again presented the Vehicle for repairs,

---

[1] Hereinafter, the Court refers to both express warranties in the singular ("warranty") as the same terms and conditions apply, with the exception of the applicable duration and mileage. (*See* Compl. ¶ 8).

but FCA "elected to simply update or reflash the computers or modules on Subject Vehicle" in lieu of repairing the defects. (Compl. ¶ 19). Plaintiffs allege they continued to present the Vehicle for repairs, but FCA failed to conform the Vehicle to its warranty within a reasonable number of attempts. (Compl. ¶¶ 20-21, 24).

Plaintiffs allege Defendants failed to uphold FCA's statutory duty to promptly repurchase the Vehicle as required by California law. (Compl. ¶¶ 25, 28, 43, 45, 47). In or about May 2019, Plaintiffs requested FCA repurchase the Subject Vehicle due to the alleged defects and nonconformities to warranty. (Compl. ¶ 23). Kiara Cooks, Reacquisition Coordinator at Stericycle, informed Plaintiffs that FCA would repurchase the Subject Vehicle. (Compl. ¶¶ 30-32). The Subject Vehicle's down payment and eighteen (18) monthly payments by Plaintiffs totaled $17,444.66 ("Credits"), and the rebate, motor warranty services and a mileage/usage fee totaled $15,034.18 ("Debits"). (Compl. Ex. B (doc. no. 1-3 at 21-22)). Stericycle calculated a net refund amount of $2,410.48. (*Id.*). The net refund amount was reviewed and approved by FCA. (Compl. ¶ 33). The amount at issue in the refund calculation is the mileage use offset which Defendants allegedly miscalculated to be $8,249.18. (*See* Compl. ¶ 35; Compl. Ex. B). Due to the alleged mileage miscalculation, Plaintiffs refused the repurchase offer. (Compl. ¶ 37). They were informed by Stericycle that "this was a take it or leave it offer and that no further adjustments would be made." (*Id.*).

Plaintiffs assert five causes of action: (1) violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 et seq. (as to FCA); (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (3) tortious interference with contract (as to Stericycle); (4) fraud ; and (5) negligent misrepresentation. Plaintiffs filed this action in State Court on August 16, 2019. Defendants removed to Federal Court on September 27, 2019. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.  FCA and Stericycle each filed a motion to dismiss.

/ / / / /

## II.     DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).[2] A complaint may be dismissed, however, if it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 922, 997, 999 n.3 (9th Cir. 2006). In pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.* at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). In ruling on the pending motion to dismiss, the Court considers the facts alleged in the complaint and documents attached to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

FCA and Stericycle each move to dismiss Plaintiffs' Fourth and Fifth causes of action, alleging fraud and negligent misrepresentation. Stericycle independently moves to dismiss Plaintiffs' Second and Third causes of action, alleging violation of California's UCL and tortious interference with contract. The Court addresses each issue in turn below.

### A.     Fraud and Negligent Misrepresentation

Plaintiffs allege two deceit claims against Defendants: fraud and negligent misrepresentation (collectively "deceit claims"). Defendants argue Plaintiffs fail to state a

---

[2] Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted throughout.

claim because the alleged statements lack sufficient factual allegations and particularity. Alternatively, FCA also argues that Plaintiffs' deceit claims are barred by California's economic loss rule.

### 1. Sufficient Factual Allegations

First, Defendants argue Plaintiffs fail to state sufficient facts to allege fraud and negligent misrepresentation. Under California law, the elements of a cause of action for fraud are: "(1) misrepresentation, (2) knowledge of the falsity or scienter, (3) intent to defraud—that is, induce reliance, (4) justifiable reliance, and (5) resulting damages." *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1090 (2013). The elements of negligent misrepresentation "are similar to fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege that the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true." *Charnay v. Cobert,* 145 Cal. App. 4th 170, 184 (2006).

Defendants contend Plaintiffs' deceit claims are premised upon the alleged improper mileage use offset and Plaintiffs neither relied on the mileage use offset nor were Plaintiffs harmed by the allegedly inadequate repurchase offer. (Docs no. 5-1 at 9, 6-1 at 6). Thus, the Court limits its discussion to whether Plaintiffs sufficiently allege the elements of reliance and harm.

Plaintiffs' deceit claims are not limited to the mileage miscalculation. As to both Defendants, Plaintiffs sufficiently allege reliance on the rights and remedies, including prompt repurchase, represented in the warranty. (*See, e.g.,* Compl. ¶¶ 6-22, 36, 39-40, 45, 53, 90, 92-93, 97-100). Specifically, FCA retained Stericycle as its agent and delegated to Stericycle its statutory duty relative to repurchase. (Compl. ¶ 28). Plaintiffs also sufficiently allege damages resulting from Defendants' failure to provide a repurchase amount compliant with California law as represented in the warranty. (*See, e.g.,* Compl. ¶¶ 35, 37, 43-47, 91-92, 94-95, 101). Defendants' argument that Plaintiffs fail to establish reliance or harm is rejected.

### 2. Sufficient Particularity

Defendants next argue Plaintiffs' deceit claims fail to meet the heightened pleading standard under Rule 9(b). Claims "grounded in fraud ... must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In alleging deceit, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106. Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged." *Id.* Therefore, Rule 9(b) applies to the extent Plaintiffs' deceit claims are based on fraudulent conduct, deception or misrepresentation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

The Court disagrees with Defendants' contention that Plaintiffs fail to allege deceit with the required particularity. (Docs no. 5-1 at 8-10, 6-1 at 3-6). Plaintiffs' allegations sufficiently identify the particularities of the alleged deceit and provide Defendants notice of their respective roles in the alleged fraud. *See United States v. United Healthcare Ins. Co.*, 848 F. 3d 1161, 1167 (9th Cir. 2016). Plaintiffs' complaint provides a detailed timeline of events including, the individuals involved and the alleged false representations. (*See, e.g.,* Compl. ¶¶ 2-10, 12-13, 17-43). As to both Defendants, Plaintiffs' deceit claims satisfy the heightened pleading standard of Rule 9(b).

### 3. Economic Loss Rule

Finally, FCA argues California's economic loss rule bars Plaintiffs' tort recovery based solely on economic damages.[3] *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988-89 (2004). In opposition, Plaintiffs argue the rule does not apply. In determining whether the economic

---

[3] Stericycle does not assert this argument. (*See* doc. nos. 6-1 at 3-6).

loss rule applies, courts analyze: (1) whether a defendant made affirmative misrepresentations upon which a plaintiff relied; and (2) whether the affirmative misrepresentations expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss. *See Robinson,* 34 Cal. 4th at 993.

Plaintiffs' fraud claim satisfies both prongs. First, Plaintiffs adequately allege reliance on affirmative misrepresentations in the warranty. (*See, e.g.,* Compl. ¶¶ 8, 22, 39, 90, 93-94, 97-100). Second, Plaintiffs seek damages arising from FCA's duty to not commit fraud or act deceitfully, a duty independent from FCA's contractual duty under the warranty. (*See* Compl. ¶¶ 95, 101*;* doc. no. 12 at 6-7.)  Specifically, Plaintiffs allege FCA has a policy of lowballing repurchase offers. (Compl. ¶ 40; *see also Robinson*, 34 Cal. 4th at 991; *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999) ("Tort damages have been permitted in contract cases . . . where the contract was fraudulently induced . . . [T]he duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm.").) Plaintiffs' fraud claim against FCA is therefore not barred by the economic loss rule.

Plaintiffs' negligent misrepresentation claim fails both prongs because there is no affirmative misrepresentation. In determining whether a misrepresentation is affirmative, the distinction lies in whether the tortious conduct was intentional or negligent. *See Robinson*, 34 Cal. 4th at 991 n.7 ("The economic loss rule is designed to limit liability in commercial activities that negligently or inadvertently go awry, not to reward malefactors who affirmatively misrepresent and put people at risk"). By its very nature, a negligent misrepresentation cannot be affirmative. *See Robinson*, 34 Cal. 4th at 991 n.7 ("Dealing with affirmative acts of fraud and misrepresentation raises different policy concerns than those raised by negligence. . . ."). Consequently, Plaintiffs fail to satisfy the second prong of the exception. Therefore, as to FCA, Plaintiffs' negligent representation claim is barred by the economic loss rule.

/ / / / /

### B. Unfair Competition Law

Stericycle contends Plaintiffs' UCL claim is insufficient because Plaintiffs do not sufficiently allege statutory standing. Only a "person who has suffered injury in fact and has lost money or property as a result of" a UCL violation has standing to bring an action. Cal. Bus. & Prof. Code § 17204. For purposes of standing, the phrase "as a result of" means "caused by" and "requires a showing of a causal connection or reliance on the alleged misrepresentation." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011). Accordingly, to allege standing, Plaintiffs must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Id.* at 322.

Stericycle argues Plaintiffs did not sufficiently allege injury in fact, economic harm or reliance. The Court disagrees. First, Plaintiffs expressly allege they "have lost money and suffered injury in fact as a result of illegal conduct of both FCA and Stericycle" and request "equitable monetary relief." (Compl. ¶ 76). Because Plaintiffs adequately allege economic loss, they also sufficiently allege injury in fact. *See Kwikset*, 51 Cal. 4th at 323 ("Notably, lost money or property—economic injury—is itself a classic form of injury in fact"). At the pleading stage, allegations of economic injury suffice. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.4 (9th Cir. 2013). Second, Plaintiffs' UCL claim is based in part upon their fraud claim. (*See* Compl. ¶ 76). As discussed above, Plaintiffs sufficiently allege reliance on the representations in the warranty associated with the Vehicle. (*See, e.g.,* Compl. ¶¶ 22, 36, 39-40, 45, 92-93, 100).

### C. Tortious Interference with Contract

Plaintiffs allege Stericycle interfered with FCA's performance under the warranty by imposing additional repurchase conditions and offering an insufficient amount of funds to repurchase the Vehicle. (Compl. ¶¶ 45, 85). Stericycle argues it is not liable because it is an agent for FCA, who is a party to the warranty. (Doc. no. 6-1 at 8). In opposition,

/ / / / /

Plaintiffs claim Stericycle remains liable because they allege Stericycle acted outside of its agency. (Doc. no. 13 at 5; Compl. ¶47).

Stericycle is relying on the agent immunity defense. A complaint may be dismissed under Rule 12(b)(6) based on an affirmative defense "only if the defense is clearly indicated and appears on the face of the pleading." *Harris v. Amgen, Inc.*, 788 F.3d 916, 943 (9th Cir. 2014), *rev'd on other grounds in Amgen, Inc. v. Harris*, 136 S. Ct. 758 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211-12 & 215 (2007); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (dismissal appropriate "[w]hen an affirmative defense is obvious on the face of a complaint").

Plaintiffs allege that Stericycle is an agent of FCA. (S*ee, e.g.,* Compl. ¶¶ 3 ("Defendant Stericycle Inc. is a business entity and agent for FCA"), 28 ("FCA has retained Defendant Stericycle as its agent in so to delegate affirmative statutory duty to review repair order and warranty history and repurchase vehicles")). At issue, however, is whether Stericycle acted independently of its role as FCA's agent. Stericycle argues that whether it acted within or outside of its agency is immaterial because "in either case they [Plaintiffs] are alleging that Stericycle was FCA US's agent." (Doc. no. 15 at 5). The Court disagrees. Whether Stericycle acted within or outside of its capacity as FCA's agent is material in determining whether the agent immunity defense applies. *See Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1604 (2009) (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 512 n.4 (1994)). Plaintiffs expressly allege that Stericycle acted outside of its agency to interfere with Plaintiffs' repurchase.[4] (Compl. ¶¶ 47, 84-85). Stericycle's defense of agent immunity is therefore not apparent on the face of the pleadings and cannot be dismissed at the pleading stage.

---

[4] Stericycle raises the issue of inconsistent factual allegations, noting that Plaintiffs' allegations that Stericycle acted outside of its capacity (Compl. ¶ 47) conflict with Plaintiffs' allegations that FCA and Stericycle worked in conjunction to harm Plaintiffs (Compl. ¶ 28-46). This is not improper because Rule 8 allows a party to plead inconsistent factual allegations in the alternative. *See* Fed. R. Civ. P. 8(d)(2).

### D. Leave to Amend

The Court next considers whether to grant Plaintiffs leave to amend their negligent misrepresentation claim. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id.* Because amendment of the negligent misrepresentation claim does not seem possible under the economic loss rule and because Plaintiffs have not argued that they can amend this claim, leave to amend is denied as futile.

### III. CONCLUSION

Defendant FCA's motion to dismiss (doc. no. 5) is **GRANTED** with respect to the negligent misrepresentation claim and **DENIED** in all other respects. Defendant Stericycle's motion to dismiss (doc. no. 6) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 14, 2020

_____
Hon. M. James Lorenz
United States District Judge